IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


DARRYL RIGGINS,                      :

    Plaintiff,                       :

vs.                                  :    CIVIL ACTION 05-00745-CG-B

GRANTT CULLIVER, *et al.*,           :

    Defendants.                      :


<u>REPORT AND RECOMMENDATION</u>

Plaintiff, an Alabama prison inmate incarcerated at the Donaldson Correctional Facility, has brought this action pursuant to 42 U.S.C. § 1983.  In his complaint, Plaintiff asserts that while housed at Holman Prison, he was beaten by prison officials on March 6, 2005 and April 30, 2005.  Plaintiff is presently before this Court on a Motion for an Emergency Restraining Order (Doc. 4).  Plaintiff's motion has been referred to the undersigned Magistrate Judge for a recommendation pursuant to 28 U.S. C. § 636(b)(1)(B), Local Rule 72.2 and the standing order of general reference.  Based upon a review of Plaintiff's motion and complaint, it is recommended that Plaintiff's Motion for an Emergency Restraining Order be **DENIED**.

In order to prevail on a request for a temporary restraining order, Plaintiff must show: (1)a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the

threatened injury to the movant outweighs whatever damage the

proposed injunction may cause the opposing party; and (4) that

the injunction, if issued, would not be adverse to the public

interest.    Palmer v. Braun, 287 F.3d 1325, 1329 (llth Cir.

2002); Zardui-Quinatana v. Richard, 768 F.2d 1213, 1216 (llth

Cir. 1985).  A temporary injunction is an extraordinary and

drastic remedy not to be granted unless the movant clearly

carries the burden of persuasion as to the four requisites. Id.

at 1216; McDonald's Corp. V. Robertson, 147 F.3d 1301, 1306 (llth

Cir. 1988).  It is mandatory that all four factors are satisfied.

United States v. Jefferson County, 720 F.2d 1511, 1519 (llth Cir.

1983). Moreover, injunctive relief will not issue unless the

complained of conduct is imminent and no other relief or

compensation is available.  Cunningham v. Adams, 808 F.2d 815,

821 (llth Cir. 1987).

        In the case sub judice, Plaintiff has failed to show that

there is a substantial likelihood that he will ultimately prevail

on the merits of this action.  Moreover, Plaintiff has not

established that he will suffer irreparable injury unless the

injunction issues.  In fact, in his one page motion, Plaintiff

provides no basis for his belief that he will suffer irreparable

harm, nor does his complaint contain any information that

suggests that he is in imminent danger.  According to his

complaint, Plaintiff is no longer housed at Holman prison.

Plaintiff is advised that an injunction is "an extraordinary and drastic remedy" <u>Zardui-Quinatana</u>, 768 F.2d at 1216, which will not issue unless the complained of conduct is imminent and no other relief or compensation is available. <u>Cunningham</u>, 808 F.2d at 821.  Plaintiff has an avenue for compensation available to him through his pending §1983 action.

Because Plaintiff has failed to establish all four prerequisites needed to show that a temporary restraining order should be issued, it is recommend that his motion be **DENIED**.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **6th day** of **January, 2006**.

**/S/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within ten (10)

days of being served with a copy of the statement of objection.
Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

     **DONE** this **6th day** of **January, 2006**.


                         /s/ SONJA F. BIVINS
                         **UNITED STATES MAGISTRATE JUDGE**